

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 29, 2015

**By ECF**

The Hon. Richard M. Berman
United States District Court
Southern District Of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 17B
New York, NY 10007

    Re:    **United States v. Evgeny Buryakov, a/k/a "Zhenya,"**
                **15 Cr. 73 (RMB)**

Dear Judge Berman:

    Last week, the parties concluded discussions concerning a potential resolution of the above-referenced case without success. Pursuant to the Court's direction at the proceedings held on July 29, 2015, the Government and defense counsel have conferred about anticipated motions pursuant to the Classified Information Procedure Act (CIPA), and write to update the Court on those discussions, as well as another anticipated motion by the defense.

    A.  CIPA Motions

    Defense counsel has notified the Government that the defense intends to seek to disclose or to cause the disclosure of classified information in connection with the trial of this case, and intends to file the requisite motion pursuant to CIPA Section 5. The defense has not yet notified the Government which classified information will be the subject of the motion.

    The Government has notified the defense that it intends to move *ex parte*, pursuant to CIPA Section 4, to delete from discovery certain classified materials on the grounds that the materials are not relevant and helpful to the defense. *See United States* v. *Aref*, 533 F.3d 72, 78-80 (2d Cir. 2008) (adopting standard of whether the classified information is relevant and helpful to the defense when evaluating Government's invocation of the state secrets privilege under CIPA); *United States* v. *Yunis*, 867 F.2d 617, 623 (D.C. Cir. 1989) (holding that "classified information is not discoverable on a mere showing of theoretical relevance in the face of Government's classified information privilege"; rather, the information is discoverable only if it "is at least helpful to the defense of the accused" (internal quotation marks and alterations omitted)).

    The parties have discussed setting a schedule for the CIPA filings, but have not yet done so. The defense needs some additional time to review the classified material provided in discovery, some of which is being provided today, before it is prepared to set a schedule.

September 29, 2015
The Hon. Richard M. Berman
Page 2 of 2

    B.  <u>Defendant's Rule 15 Motion</u>

    Defense counsel has also notified the Government that the defense likely will be seeking to admit witness testimony at trial by a deposition or depositions taken in Russia, pursuant to Fed. R. Crim. P. 15(a)(1).  The defense has not yet identified the witness or witnesses to be deposed or the nature of the expected testimony.  The parties have discussed setting a schedule for any motions made pursuant to Rule 15, but have not yet set such a schedule.

                                                    Respectfully,
                                                  PREET BHARARA
                                                  United States Attorney

                                  By: _____
                                      Adam Fee
                                      Anna Skotko
                                      Stephen Ritchin
                                      Assistant United States Attorneys
                                      (212) 637-1589 / 1591 / 2503

cc: Counsel of Record (by email)